UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF DEL REY OAKS, a public body, corporate and politic; and the REDEVELOPMENT AGENCY OF THE CITY OF DEL REY OAKS, a public body, corporate and politic,<br><br>      Plaintiffs and Cross-Defendants,<br><br>      v.<br><br>FEDERAL/JER ASSOCIATES, LLC, a Delaware limited liability company; FEDERAL DEL REY ASSOCIATES, LLC, a Delaware limited liability company; *et. al.*,<br><br>      Defendants and Cross-Complainants. | Case No.: 13-CV-01363<br><br>**ORDER**<br><br>**(Re: Docket No. 8)** |

On August 12, 2010, Plaintiffs City of Del Rey Oaks (the "City") and Redevelopment Agency of the City of Del Rey Oaks (the "RDA") (collectively, "Plaintiffs") sued Federal/JER Associates, LLC and Federal Del Rey Associates, LLC ("Federal") in state court for breach of contract, and Federal countersued. On March 26, 2013, Federal removed the case to this federal court. Plaintiffs now move to remand. Federal did not file an opposition, but special counsel appeared for oral argument on June 4, 2013. Although the City has consented to magistrate judge jurisdiction, Federal has not yet filed consent. IT IS HEREBY ORDERED that the case be referred

1

Case No.: 13-01363
ORDER

to this district's bankruptcy court with the recommendation that the case be transferred to the Bankruptcy Court for the District of Delaware.[1]

## I.   BACKGROUND[2]

Beginning in 2003, Plaintiffs and Federal entered into an Agreement to Negotiate Exclusively ("ANE") regarding the development of approximately 360 acres at the former Fort Ord in Del Rey Oaks (the "Project"). The ANE was amended in 2004. In 2005, Plaintiffs and Federal entered into an Option Agreement granting Federal an option to acquire the site. In February 2006, the City entered into a Development Agreement and Development Disposition Agreement with Federal. In order for the development of the site to succeed, the parties had to secure an agreement with the Monterey Regional Pollution Control Agency ("MRWPCA") and Marina Coast Water District ("MCWD") for delivery of water to the project site. For reasons that are unclear from the parties' papers, development under the agreements never occurred.

Federal alleges that Plaintiffs failed to act in good faith because they did not assist Federal in obtaining the water delivery agreement from MRWPCA and MCWD. Additionally, Federal believes that Plaintiffs were also negotiation with other parties interested in developing the site, in violation of the ANE, the Option Agreement, the DA, and the DDA. Federal asks for $17 million dollars in damages, or in the alternative for specific performance, rescission, or other equitable remedies.

Plaintiffs allege that Federal breached the ANE by falling behind in making the contracted insurance payments which Plaintiffs then made on behalf of Federal. Further, Plaintiffs allege Federal breached the contract by failing to diligently develop the project and missing specific

---

[1] This referral does not run afoul of 28 U.S.C. § 636(c) because it is not a case-dispositive ruling. *Cf. Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988).

[2] Unless otherwise noted, the facts are taken from the original complaint and counterclaim complaint.

2

Case No.: 13-01363
ORDER

deadlines for the completion of tasks and obtaining approvals as required by the contracts. Plaintiffs claim they have lost over a million dollars from Federal's breach.

Plaintiffs originally filed this action against Federal on August 12, 2010, in Monterey County Superior Court, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, and breach of the insurance contract.[3] Federal counterclaimed, alleging breach of the same contract, breach of implied covenant of good faith and fair dealing, violation of governmental mandatory duties, promissory estoppel, and unjust enrichment.[4]

Trial was set for March 25, 2013, but in late February, Federal's attorneys filed to disassociate from the case.[5] The state court then issued an Order to Show Cause as to why Federal's answer should not be stricken and its cross-complaint dismissed, whether Federal's attorneys were properly disassociated, and whether monetary and evidentiary sanctions against Federal were warranted.[6] On March 22, 2013, Belmont Rock Holdings, LLC (formerly known as Federal) filed for Chapter 11 bankruptcy in the United States Bankruptcy Court of Delaware.[7] On the first day of the scheduled trial, Federal specially appeared to inform the court of its bankruptcy action.[8] The next day, on March 26, 2013, Federal removed the case pursuant to 28 U.S.C. §§ 1452 and 1334.[9]

---

[3] *See* Docket No. 5, Ex. B.

[4] *See id.,* Ex. C.

[5] *See* Docket No. 6 ¶ 5, Ex. J.

[6] *See* Docket No. 6, Ex. K.

[7] *See In re Belmont Rock Holdings, LLC,* Case No. 13-10590 (CSS).

[8] *See* Docket No. 6 ¶ 16.

[9] *See* Docket No. 1.

3

Case No.: 13-01363
ORDER

After removal, the case was assigned to the undersigned. On April 16, 2013, Plaintiffs filed the present motion to remand the case back to state court.[10] Federal did not file a response and it is unclear whether it is still represented by counsel in this action.[11]

## II.   LEGAL STANDARDS

When a debtor files for bankruptcy under title 11, Section 362(a) imposes an automatic stay "to protect the estate from being depleted by creditors' lawsuits and seizures of property and provide the debtor breathing room to reorganize."[12] The stay does not, however, prevent the debtor from prosecuting his own claims, or a defendant from protecting against those claims, even if defendant's successful defense would result in depletion of the debtor's assets.[13]

Pursuant to 28 U.S.C. § 1452, "any claim or cause of action in a civil action" may be removed "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334."[14] Section 1334 provides that the federal district courts have "original and exclusive jurisdiction of all cases under title 11." Further, district courts also have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[15] Matters that "arise under" title 11 are known as "core proceedings in that they "are those administrative matters that are not based on any right expressly created by Title 11 but, nevertheless, would have no

---

[10] *See* Docket No. 4.

[11] *See* Docket No. 16. Although she filed no formal notice of withdrawal, Federal's original counsel, Barbara Krieg, appears to no longer be participating in this action. Special counsel Breck Milde appeared at the hearing for the motion to remand.

[12] *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 874-75 (9th Cir. 2011).

[13] *See id.*

[14] 28 U.S.C. § 1452(a).

[15] 28 U.S.C. § 1334(b).

4
Case No.: 13-01363
ORDER

existence outside of the bankruptcy."[16]  By contrast, proceedings are "related to" a bankruptcy matter "where the outcome [of the civil proceeding] could conceivably have any effect on the estate being administered."[17]  Even if the district court has jurisdiction over a civil action, the court may choose to remand such a claim "on any equitable ground," which is a broad grant of authority and discretion.[18]

### III.  DISCUSSION

Plaintiffs argue that the court ought to remand this action according to its broad discretion in Section 1452(b).[19]  In determining whether to remand, courts generally consider the following factors, which Plaintiffs claim all weigh in favor of remand:

a. The effect or lack thereof on the efficient administration of the estate if the court recommends remand or abstention;
b. Extent to which state law issues predominate over bankruptcy issues;
c. Difficult or unsettled nature of applicable law;
d. Presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
e. Jurisdictional basis, if any, other than section 1334;
f. Degree of relatedness or remoteness of proceeding to main bankruptcy case;
g. The substance rather than the form of an asserted core proceeding;
h. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
i. The burden on the bankruptcy court's docket;
j. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

---

[16] *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 471 (D. Or. 2002).

[17] *In re Pegasus*, 394 F.3d 1189, 1193 (9th Cir. 2005).

[18] 28 U.S.C. § 1452(b); *In re The Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007).

[19] Special counsel for Federal presented only one argument regarding this motion – that the automatic stay under Section 362 prevents the court from remanding this case to state court.  This argument lacks merit because it is unsupported by case law and in fact runs contrary to the plain meanings of Section 1334 and 1452, which provide for abstention from or remand of state court actions that are related to title 11.  *See Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 867 (N.D. Ill. 1991).

k. The existence of a right to jury trial;
l. The presence in the proceeding of non-debtor parties;
m. Comity; and
n. The possibility of prejudice to other parties in the action.[20]

While it may be true that these factors weigh in favor of remand, the Delaware bankruptcy court is best positioned to make these determinations. The Northern District of California, not having the bankruptcy proceeding before it, is ill-equipped to consider several of these issues, including whether state law issues predominate over bankruptcy issues, the degree of relatedness or remoteness of proceeding to main bankruptcy case, the feasibility of severing state law claims from core bankruptcy matters, and the burden on the bankruptcy court's docket. Even if the factors that this court could adequately assess all weigh in favor of remand, as Plaintiffs suggest, the court cannot simply ignore the remainder. Other courts have taken a similar stance.[21] Procedurally, it appears that to achieve this result the case must first be referred to the Northern District of California bankruptcy court under General Standing Order No. 24,[22] which may then transfer the case to the Delaware bankruptcy court.[23]

**IT IS SO ORDERED.**

Date: June 18, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[20] *See In re Cedar Funding, Inc.*, 419 B.R. 807, 821 n.18 (B.A.P. 9th Cir. 2009).

[21] *See, e.g., In re Aztec Indus., Inc.*, 84 B.R. 464, 467 (Bankr. N.D. Ohio 1987) (transferring the case to the Oklahoma bankruptcy court where the core bankruptcy proceeding was taking place because the Oklahoma court was better able to evaluate all the interests involved).

[22] General Order No. 24, Section 1.01 states that this court "hereby refers to the bankruptcy judges of this district all cases under title 11 and all proceedings arising under title 11 or arising in or related to cases under title 11."

[23] The bankruptcy court may in the interests of justice *sua sponte* transfer an action related to a bankruptcy proceeding. *See In re Donald*, 328 B.R. 192, 198 (B.A.P. 9th Cir. 2005).